IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES HARRY HEBERT BORDAGES, JR.,

    Petitioner,

v.                                               Case No. 2:24-cv-02703-MSN-tmp

SHELBY COUNTY SHERIFF FLOYD
BONNER and STATE OF TENNESSEE,

    Respondents.

**ORDER MODIFYING THE DOCKET, DENYING ALL PENDING MOTIONS WITHOUT PREJUDICE (ECF NOS. 8–10, 12–13, 18 & 21), DIRECTING PLAINTIFF TO FILE CLAIMS ON THE PROPER FORM, AND DIRECTING CLERK TO MAIL FORMS TO PLAINTIFF**

Before the Court are seven motions filed by *pro se* Petitioner James Harry Hebert Bordages. (ECF Nos. 8–10, 12–13, 18, and 21 ("Motions").) When Bordages filed his "Petition For Writ of Habeas Corpus 2254 – State Custody" (ECF No. 2 ("Initial Section 2254 Petition")), he was confined at the Shelby County Jail in Memphis, Tennessee under booking number 24110698. (*Id*. at PageID 1.) For the reasons explained below, the Motions are **DENIED WITHOUT PREJUDICE** and Bordages is **DIRECTED** to clarify the nature of his suit by filing claims on the proper form.

The Clerk shall **MODIFY** the docket to correct the spelling of Petitioner's middle name from "Herbert" to "Hebert." (*See* ECF No. 2 at PageID 2; ECF No. 2-1 at PageID 11; ECF No. 2-2 at PageID 12.)

I.      **PROCEDURAL HISTORY**

In the Initial Section 2254 Petition filed on September 25, 2024, Bordages alleges that he went to the United States Secret Service Office in Memphis, Tennessee on August 6, 2024 to "report a crime unrelated to this [case]."  (ECF No. 2 at PageID 2–3.)   When Bordages tried to enter the building, he was: (1) detained by Secret Service personnel at the security checkpoint because his identification card was associated with an alleged parole violation and (2) booked into the Shelby County Jail that same day.  (*Id*. ("August 6 Booking").)  Bordages contends the August 6 incident arose from false charges of a parole violation.  Bordages alleges he had been convicted in Texas on an unspecified date for cocaine possession and sentenced to seventeen years, of which he served seven and a half years and received nine years of mandatory supervision.  (*Id*. at PageID 4.)   When he was released in 2006, he returned to Memphis, where, *inter alia*, he "lived at the same address for 18 years[,] had a valid Tennessee drivers license with the same address[,] has a cell phone number[,] has a bank account[,] has a membership at a local fitness center[,] [and] has paid city and county taxes."  (*Id*. at PageID 8.)   After the August 6 Booking in Memphis, Bordages had a probable cause hearing on August 29, 2024.  (*Id*. at PageID 7.)   At the hearing, he challenged parole officer Mia Gray's contention that he had failed to report on August 5, 2014 and September 3, 2014.  (*Id*. at PageID 5–6.)   On September 25, 2024, Bordages filed the Initial Section 2254 Petition (ECF No. 2), alleging a claim of "illegal[] confine[ment] in state custody" (*id*. at PageID 3), "unlawful custody" (*id*. at PageID 10), and "unlawful[] detain[ment] in the Shelby County Jail" (*id*.) (collectively, the "Unlawful Custody Claim").  In the Initial Section 2254 Petition, Bordages contends that "parole authorities in Tennessee are now alleging—over eight years after the 2016 expiration of Bordages's sentence—that Bordages did not report for the

months of August and September 2014 and that Bordages did not complete the remainder of his sentence and that no one has known Bordages's whereabouts for over ten years. This is not true." (*Id*. at PageID 5.)

On October 25, 2024, Bordages paid the $5.00 habeas filing fee. (ECF No. 5.)

After filing the Initial Section 2254 Petition and paying the habeas filing fee, Bordages filed six motions and an amended petition in which he espouses constantly changing positions about the nature of his claims.

On November 8, 2024, Bordages filed a "Motion to Convert [Initial] § 2254 Habeas Corpus [Petition] to 42 U.S.C. § 1983 Complaint." (ECF No. 8.) Bordages alleges that he was extradited from the Shelby County Jail to Texas on September 26, 2024 to appear for an October 21, 2024 parole revocation hearing. (*Id*. at PageID 20–21.) The Texas parole board unanimously decided to discharge Bordages's sentence because he had exceeded his maximum discharge date by eight and a half years. (*Id*. at PageID 21.) When Bordages was released from custody in Texas on November 1, 2024, he returned home to Memphis. (*Id*.) He alleges "the unlawful detention has been resolved due to Petitioner being discharged from the 17 year sentence." (*Id*.) He seeks to "convert the matter to a 42 U.S.C. § 1983 complaint" because "through the entire process— from arrest, detention, extradition, hearing, release/discharge—numerous laws have been violated as well as [P]etitioner's civil and constitutional rights." (*Id*. at PageID 21–22.)

On March 12, 2025, Bordages filed a "Request to Amend § 2254 Habeas Corpus," alleging "[n]ow that evolving facts have changed once again it seems that the 42 U.S.C. § 1983 may not be the appropriate jurisdictional choice to pursue the matter." (ECF No. 9 at PageID 25.) He contends he has "recently discovered that the entire [Texas] conviction and sentence may be void

3

due to violations of constitutional rights and procedural errors from the original [Texas] court," and so "now the case has evolved into a matter of challenging a judgment and sentence." (*Id*. at PageID 26.) He "would like to maintain the § 2254 jurisdiction and the Habeas Corpus because the court would be able to hear the illegal state conviction and when the facts are determined, a cause under § 1983 could then be pursued." (*Id*. at PageID 27.)

On May 29, 2025, Bordages filed a "Motion for Leave to Amend Habeas Corpus Petition Under 28 U.S.C. § 2254," contending:

> 1. Petitioner originally filed this habeas corpus petition to challenge the unlawfulness of his confinement resulting from convictions and sentences imposed by the State of Texas. 2. While Petitioner was confined, this challenge was properly brought under 28 U.S.C. § 2254. Upon release, and in light of ongoing civil consequences, Petitioner requested conversion to a civil rights action under 42 U.S.C. § 1983. 3. However, upon further legal analysis and evidence, Petitioner has determined that the lawfulness of the underlying conviction itself is in question. Because § 1983 cannot be used to invalidate a conviction or sentence . . . he now seeks to proceed under § 2254.

(ECF No. 10 at PageID 30.) Bordages contends that his claims have been expanded to include:

> newly-discovered facts and legal issues, including but not limited to: That his 1991 conviction for Burglary of a Motor Vehicle, used to enhance later sentences, was not a felony under Texas law at the time and was improperly treated as such; that enhancements to his 15- and 17-year sentences were based on prior convictions that were legally invalid; that Texas improperly applied flat-time enhancements and Tennessee destroyed parole records necessary to substantiate lawful confinement; [and] [t]hat Tennessee is presently using these void or improperly enhanced convictions to impose civil disabilities, including a permanent Second Amendment restriction, in violation of the Constitution.

(*Id*.)

On May 29, 2025, Bordages also filed an "Amended Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254," alleging four grounds: (1) improper sentence enhancement in Texas; (2) improper sentence stacking by the Texas court; (3) wrongful parole records destruction by the

4

State of Tennessee; and (4) collateral consequences of Tennessee's use of defective Texas convictions to deprive Bordages of his Second Amendment rights. (ECF No. 11 at PageID 34–36.)

On June 18, 2025, Bordages filed a "Motion to Amend Or Supplement § 2254 Petition," seeking "relief from the enhanced conviction," "correction of criminal history records at the state and federal level," "the sealing or expunction of charges never resulting in conviction," and a "declar[ation] [that] the ongoing use of false records [is] a violation of Petitioner's constitutional rights." (ECF No. 12 at PageID 40–41.)

On June 20, 2025, Bordages filed a "Motion to Correct Caption and Substitute Proper Respondent," seeking to substitute Shelby County Sheriff Floyd Bonner as the "proper respondent." (ECF No. 13 at PageID 62–63.) In that Motion, Bordages alleges that he "has never been convicted of a crime in the State of Tennessee" and "has never been held in custody by the Tennessee Department of Corrections or any Tennessee state prison facility." (*Id*. at PageID 62.)

On August 21, 2025, Bordages filed a "Request to Amend § 2254 and Maintain Habeas Corpus Jurisdiction." (ECF No. 20 at PageID 114.) He seeks to have his claims construed under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983:

> Over the past year since the filing of the Habeas Corpus, the Petitioner has requested the Court convert the Habeas to a § 1983 Civil Rights Complaint because his civil and constitutional rights have been violated.
>
> Because of the procedural events that have occurred since the original filing . . . the Petitioner has had to adapt to the circumstances and adapt to the procedural rules and jurisdiction. At one point, Habeas was the proper vehicle, then the jurisdiction shifted based upon the facts, therefore he had to shift again to the § 1983 and now he has had to shift once more back to maintaining the Habeas jurisdiction.

> The Petitioner moves the Court to decide the matter and maintain the § 2254 Habeas Corpus jurisdiction because § 2254 is relevant based upon the original filing and when that is decided the § 1983 claims can still be pursued.

(*Id*. at PageID 114–15.)

On August 27, 2025, Bordages filed a "Motion To Expand The Record Under [Habeas] Rule 7." (ECF No. 21 at PageID 118-37; ECF No. 21-1 at PageID 138-56.)

To say Bordages changes his mind frequently about the nature of his claims would be understatement.

## II.  ANALYSIS

In the Motions, Bordages shuffles between pursuit of habeas relief under Section 2254, pursuit of civil rights claims under Section 1983, and pursuit of both. (*See*, *e.g.*, ECF Nos. 8–10, 12–13 & 18; ECF No. 9 at PageID 27.) Bordages also asserts in the Motions inconsistent allegations about whether he was in custody when the Initial Section 2254 Petition was filed and the nature of relief he seeks. (*See id*.) Bordages' Motions are not well taken, as his ever-changing positions and evolving claims portend unfair prejudice to his opposing party and the judicial resources of this Court. Bordages's efforts at amendment, supplementation, and combination of habeas and civil rights claims in one proceeding are also at odds with governing law.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (Brennan, J, dissenting). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy

6

is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (majority opinion). Section 2254 provides that a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added). Whether a habeas petitioner is "in custody" is determined at the time of the filing of the petition. *See*, *e.g.*, *Heiney v. Washington*, No. 23-1772, 2024 WL 759055, at *1 n. 1 (6th Cir. Feb. 9, 2024) (citing *Miskel v. Karnes*, 397 F.3d 446, 450 (6th Cir. 2005)); *Lusane v. Harris*, No. 19-3138, 2019 WL 4046735, at *2 (6th Cir. July 5, 2019).

Conversely, "[i]f a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release." *Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2003) (quoting *Preiser*, 411 U.S. at 494). In that instance, a prisoner must file a civil rights action pursuant to Section 1983. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994). A civil-rights complaint under 42 U.S.C. § 1983 is generally used to attack unconstitutional conditions of confinement or prison policies and procedures, while a habeas petition is used to seek an immediate or accelerated release from prison or custody. *See*, *e.g.*, *Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (internal citation omitted). So while a habeas petition generally seeks release, a Section 1983 suit primarily seeks monetary damages.

7

Applying these principles here, if Bordages seeks to challenge the validity of his state-court conviction and sentence, he must do so by filing a habeas petition under 28 U.S.C. § 2254 on the proper form. If, on the other hand, Bordages is seeking to challenge something other than the fact or duration of his confinement (for instance, if he is seeking damages for unconstitutional conduct), then he should file an amended Section 1983 complaint on the proper form, accompanied by (1) payment of the four hundred and five dollar ($405.00) civil filing fee or (2) a properly completed application to proceed *in forma pauperis*.

In addition to proceeding under the correct cause of action and using the appropriate court-approved form, Bordages must name a proper defendant or respondent in this action.

If Bordages intends to bring a habeas petition seeking release from confinement, then he must name a proper respondent—namely, the person who had custody over him when habeas claims were filed. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Thus, to name the proper respondent for a Section 2254 habeas petition, Bordages must name the warden or superintendent of the facility where Bordages was confined when he filed the Initial Section 2254 petition. *See id.* at 435.

However, if Bordages wishes to proceed under Section 1983, he must plausibly allege: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Thus, the only proper defendants for a Section 1983 action are "person[s]" who proximately cause a constitutional deprivation while "acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This language limits the applicability of Section 1983 actions against states, counties, and employees thereof. Contrary to Bordages's

8

proposal that the Court first rule on his Section 2254 habeas claims and then proceed to consider his Section 1983 civil rights claims (*see*, *e.g.*, ECF No. 20 at PageID 114–15; ECF No. 9 at PageID 27), Bordages cannot pursue habeas and civil rights relief in the same proceeding.

Because it is unclear from Bordages's Initial Section 2254 petition and his Motions whether he would like to proceed under 28 U.S.C. § 2254 or 42 U.S.C. § 1983, the Court **DIRECTS** Bordages to clarify the nature of his suit **WITHIN TWENTY-ONE (21) DAYS** by using the appropriate court-approved form to file either: (1) an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] or (2) a civil rights complaint pursuant to 42 U.S.C. § 1983[2], accompanied by the four hundred and five dollar ($405.00) civil filing fee.[3] Failure to timely

---

[1] *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/Tennessee2254petition.pdf (last accessed September 5, 2025). In the event Bordages chooses to file an amended Section 2254 petition, he must submit all amended habeas claims in one document on the proper form. In the event Bordages decides to file an amended Section 2254 petition and thereafter submits supplements or amendments to the amended Section 2254 petition, all such supplements and amendments shall be filed by the Clerk and recorded for statistical purposes only. The Court shall consider only Bordages's claims alleged in one amended Section 2254 petition, and not Bordages's subsequent supplements or amendments thereto.

[2] *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed September 5, 2025). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634–35 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Edison*, 510 F.3d at 635; *Sevier*, 742 F.2d at 273.

[3] The civil filing fee is three hundred and fifty dollars ($350.00). 28 U.S.C. § 1914(a). The Schedule of Fees requires an added administrative fee of fifty-five dollars ($55.00) for filing any civil case. *See* https://www.tnwd.uscourts.gov/local-fees (Local Fees of the United States District Court for the Western District of Tennessee) (last accessed September 5, 2025). If a

comply with this Order will be considered a failure to prosecute and will result in dismissal of this case without further notice.

The Motions (ECF Nos. 8–10, 12–13, 18, and 21) are **DISMISSED WITHOUT PREJUDICE**, subject to Bordages's right to submit the Motions' allegations and claims in an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to the extent such allegations and claims are properly brought under Section 2254.

The Clerk of Court is **DIRECTED** to mail to Bordages: (1) a Petition for Relief rom a Conviction or Sentence By a Person in State Custody pursuant to 28 U.S.C. § 2254 form; and (2) a Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 form.

**IT IS SO ORDERED** this 30th day of September, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

federal court grants leave to proceed *in forma pauperis*, a plaintiff is not liable for the additional fifty-five dollar ($55.00) fee.